**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0211n.06
Filed: March 21, 2007

No. 06-5470, 06-5471

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

MARK MCCURRY,
    *Defendant-Appellant.*

On Appeal from the
United States District Court for
the Western District of Tennessee,
Eastern Division

_____

Before: KENNEDY, MARTIN, and SUTTON, Circuit Judges

**KENNEDY, J.** Mark McCurry (hereinafter "defendant") seeks review of two concurrent 70-month sentences ordered by the district court, asserting that the district court erred (1) in granting a two-level enhancement pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines and (2) in affording insufficient consideration to the sentencing factors enumerated within 18 U.S.C.§ 3553(a). We affirm the district court.

**BACKGROUND**

On December 28, 2005, defendant pled guilty to counts of uttering counterfeit obligations and dealing in counterfeit obligations in violation of 18 U.S.C. §§ 471 and 473 and to two counts of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The counterfeiting charges were in one indictment and the drug charges in another. A sentencing hearing was conducted on March 28, 2006, at which defendant objected to the inclusion of a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with

the July 25, 2005, drug trafficking offense. Officers had recovered a .32 caliber revolver loaded with five bullets from underneath the mattress in defendant's bedroom and found crack cocaine, powder cocaine, marijuana, and a digital scale in the top drawer of the dresser in the same bedroom. McCurry protested the enhancement, testifying that his firearm possession was not in relation to the drugs but rather was an attempt to protect himself and his family, who had been threatened. Additionally, McCurry argued that a shorter sentence would have been appropriate and adequate in light of the misdemeanor nature of his past offenses. The district court rejected these arguments and, finding that the probation officer's Guidelines calculations were correct, sentenced the defendant on both cases to 70 months, to run concurrently, and to three years of supervised release. When sentencing the defendant, the judge expressed his opinion that "the guidelines [were] too low because of the counterfeiting conviction getting lost in all th[e] calculation." Nevertheless, he still sentenced the defendant within the Guidelines, albeit near the high end of the 57-to-71-month range. Defendant appeals his concurrent sentences.

## ANALYSIS

On appeal, defendant argues that the district court erred in finding that he failed to rebut the presumption that he possessed the firearm that was recovered from his bedroom in connection with the July 25, 2005, controlled substance offense. This enhancement raised what would otherwise be a Guidelines range of 46-to-57-months to 57-to-71-months. This court reviews for clear error a district court's factual finding that a defendant possessed a firearm during the commission of a drug trafficking offense. *United States v. Davidson*, 409 F.3d 304, 310 (6th Cir. 2005). Defendant also asserts that his sentence is unreasonable because the court imposed it "without regard to any sentencing factor other than the Guideline incarceration range," contrary to the post-*Booker* mandate

2

to consider other sentencing factors contained within 18 U.S.C. § 3553(a). A district court's sentencing determination is reviewed for reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005). Our study of the sentencing hearing transcript indicates that the district judge engaged in a thorough and appropriate review of the U.S.S.G. § 2D1.1(b)(1) sentencing enhancement and the 18 U.S.C. § 3553(a) statutory factors, and thus neither of defendant's grounds for appeal have merit.

I.

Defendant argues that the district court erred in applying a two-level sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) because the government did not satisfy its burden in proving that "the weapon was present [and] it is [not] clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.3. Past cases outline a two-part process for the application of this enhancement provision. First, the government must show by a preponderance of the evidence that the defendant possessed a firearm while committing a drug trafficking offense. *United States v. Solorio*, 337 F.3d 580, 599 (6th Cir. 2003). Second, if the government is successful in that showing, the burden then shifts to the defendant to show that it is clearly improbable that the weapon was connected to the offense. *Id.* McCurry concedes that "the government met its initial burden [by] showing that the firearm was located in the bedroom with the defendant" and that "the drugs were in the night-stand and the gun was stored underneath the mattress." Defendant asserts that he rebutted the presumption of possession of the weapon in relation to the drug trafficking offense with his testimony that he and his family had been living in fear of a violent attack by a suspected murderer and that the gun was not stored with the drugs. However, the presentation of an alternative theory for possession of the gun does not render connection of the gun to the drugs "clearly improbable." *See United States v. McGhee*, 882 F.2d 1095, 1100 (6th Cir. 1989). This circuit's

3

jurisprudence also indicates that a "defendant's mere possession of a weapon during narcotics commerce . . . trigger[s] the section 2D1.1(b)(1) enhancement because the possibility existed that the defendant would have used the gun during the drug transaction had he thought it necessary." *United States v. Dunlap*, 209 F.3d 472, 478-79 (6th Cir. 2000) (internal citation omitted). Here, defendant admitted to possession of a firearm kept in the same room as the drugs, and that firearm was loaded. The district judge considered McCurry's protection explanation and appropriately concluded that "one can come into possession of a gun for a perfectly legitimate reason and still use it or have it available for use during a drug trafficking crime." He went on to postulate reasonably that "[i]f someone had come in to purchase these drugs that Mr. McCurry admitted he intended to distribute, and they wouldn't pay him, . . . Mr. McCurry [clearly would] have been able to . . . reach[] under the mattress and g[et] the firearm to make them pay for the drugs." Thus, the judge's application of § 2D1.1(b)(1) to enhance defendant's sentence was not in clear error.

## II.

Next, the defendant asserts that the sentence imposed is unreasonable because the district court "erroneously perceived its duty under *Booker* to be that of imposing a 'reasonable' sentence" and "did not consider any other factor under 18 U.S.S.G. [sic] § 3553(a)" other than the Guideline range. *Booker* requires an acknowledgment of the defendant's applicable Guidelines range as well as a discussion of the reasonableness of variation from that range. *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005). It is true that if a judge "simply selects what [is deemed] an appropriate sentence without [the] required consideration" of the applicable Guidelines range or the other factors of 18 U.S.C. 3553(a), then this court "may conclude that a sentence is unreasonable." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). Thus, this court generally remands to the

4

district court when, in rendering the sentence, the district court failed to mention § 3553(a) or provide sufficient information with regard to the sentence to permit reasonableness review. *United States v. McBride*, 434 F.3d 470, 478 (6th Cir. 2006).

The district court's resentencing hearing transcript demonstrates that the district court afforded appropriate consideration to the § 3553(a) factors, and the sentence should stand as reasonable. We focus our review of the facts on this transcript because, although defendant's brief laboredly summarizes the case law governing post-*Booker* sentencing review, it devotes woefully little attention to the way the law applies to the circumstances of his sentencing so as to necessitate reversal. The transcript reflects that the district court considered the nature and circumstances of the offenses at issue. The court explicitly acknowledged that the fact that a firearm was present at the scene and "the quantity of drugs was at the high end of the weight classification" weighed in favor of giving the defendant a sentence higher than the minimum. The hearing transcript also indicates that the district court considered the history and characteristics of the defendant, noting that defendant's past offenses put him at the top of the criminal history category.

Additionally, the court observed the sentencing needs of this particular defendant. Recognizing that McCurry could benefit from a sentence that encompassed further education, the judge inserted a condition that McCurry enroll in an educational program to earn a GED if he had not obtained the degree while incarcerated. Also, the judge expressed concern that McCurry had not received treatment or counseling to address his substance abuse problem. In response, he recommended that defendant be allowed to serve his sentence at an institution where he could participate in drug treatment and counseling. Given the careful consideration of the sentencing

5

factors that the transcript of the sentencing hearing reveals, we are not willing to say that the district court sentenced the defendant in a procedurally unreasonable manner.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.